# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **BANKRUPTCY NO.  15-21253-GLT** |
| **CELLURALE, JOSEPH, JR.** | ) | |
| | ) | **ADVERSARY NO.  16-02088-GLT** |
| | ) | |
| **DEBTOR(S)** | ) | **CHAPTER 7** |
| ************************************ | ) | |
| **ROBERT H. SLONE, TRUSTEE** | ) | **DOCUMENT NO.** |
| | ) | |
| **PLAINTIFF(S)** | ) | **RE:  DOCUMENT NO.** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **JOSEPH CELLURALE, JR., MARK D.** | ) | **Hearing Date:** |
| **SANGSTON and MARTHA SANGSTON,** | ) | |
| | ) | |
| **DEFENDANT(S)** | ) | |

## CONSENT ORDER AMONG THE MEDIATOR AND PARTIES

AND NOW, to wit, this _____ day of _____, 2016, the Court hereby approves this Consent Order among Joel Helmrich, being the Mediator selected by the parties (the "Mediator"), Robert H. Slone, the Chapter 7 Trustee (the "Trustee"), and Joseph Cellurale, Jr. (the "Defendant/Debtor").

1.    By Order of Court dated September 29, 2016, the Parties to this action were directed to file a proposed Mediation Order under Certification of Counsel within 14 days.

2.    The parties have requested the Mediator to serve and the Mediator has agreed to do so, subject to this Court's approval.

3.    The Mediator intends to charge $400.00 per hour for his services as Mediator, which said fees are to be paid equally by the Plaintiff and Defendant.

4.    The Mediator has prepared a 9019-3 Statement.

5.    The Defendant is to pay his share of the Mediator's fee without further Order of Court, unless he has an objection to said fees, in which event he shall promptly file such objections with the Court.  The Plaintiff is to pay his share of the Mediator's fee without further Order of Court, unless he has an objection to said fees, in which event he shall promptly file such objections with the Court.

6.    The Mediator and the parties are working to schedule a Mediation session to be held in the latter part of October or November or the early part of December 2016.

7.      The parties will cooperate and communicate with the Mediator as requested and provide whatever pre-session reports, statements, and other data that may be requested by the Mediator.

8.      The parties and their Counsel shall be personally present for the session.

9.      Within five (5) business days after the session is concluded, the Mediator shall file all reports required under this Court's Local Rules, to include whether or not a settlement was reached.

**BY THE COURT:**

_____
GREGORY L. TADDONIO
U.S. Bankruptcy Judge


**CONSENTED TO:**

/S/    JOEL M. HELMRICH
Joel M. Helmrich, Esquire
Mediator


/S/    ROBERT H. SLONE
Robert H. Slone, Esquire
Chapter 7 Trustee for the Estate of
   Joseph Cellurale, Jr.


/S/    COREY SACCA
Corey Sacca, Esquire
Counsel for Joseph Cellurale, Jr.